# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0583V
UNPUBLISHED

| | |
|---|---|
| HOLLY HAVIS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: July 21, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Elizabeth Martin Muldowney, Sands Anderson PC, Richmond, VA*, for Petitioner.

*Benjamin Patrick Warder, U.S. Department of Justice, Washington, DC, for Respondent.*

### **RULING ON ENTITLEMENT**[1]

On February 12, 2021, Holly Havis filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that as a result of an influenza ("flu") vaccine received on October 4, 2019, she suffered a shoulder injury related to vaccine administration ("SIRVA"). Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 19, 2022, Respondent filed his Rule 4(c) report in which he **concedes** that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent agrees that Petitioner has satisfied the criteria set forth in the 6-7Vaccine Injury Table (the "Table") and the Qualifications and Aids to Interpretation

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

("QAI") for a flu/ SIRVA Table injury. *Id.* at 4-5 (citing 42 C.F.R. §§ 100.3(a)(XIV)(B): (10)(i-iv)). Respondent further agrees that Petitioner timely filed her case, that she received the flu vaccination in the United States, and that she has satisfied the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccine administration. *Id.* at 5 (citing Section 11(c)(1)(D)(i)).

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master